### COLEMAN & AL. vs. BREAUD.

6n:207
45  451

APPEAL from the court of the fifth district.

MATTHEWS, J. delivered the opinion of the court. The record in the present case contains a history of the proceedings in two suits which were consolidated and in that shape

A copy from a register's office in another state, does not dispense with the production of the original deed.

Western Dist. tried in the court below; one commenced by
Sept 18--7.
Coleman and Nelson, claiming to recover from
COLEMAN   the defendant certain slaves, to which they al-
   vs.
BREAUD.  leged title in themselves, supported by a deed

When the of trust from one Barfield; the other brought
record does
not shew the by said Barfield, in which he claims the pro-
law that regu-
lates contracts
entered into perty, as legally belonging to him.   There was
abroad, the
court tests judgment in the district court for the defendant,
them by the
laws of this and the plaintiffs appealed.
state.

The first evidence offered in support of the
claim of the trustees is a certified copy of the
deed on which they rely, taken from a record-
ing officer in the state of Tennessee.   The in-
troduction of this piece of evidence was oppos-
ed by the counsel for the defendant, on two
grounds, 1st. As not having been certified ac-
cording to the provisions of the act of congress
made for such cases: 2d. Because the original
deed was not accounted for.   The opposition
was sustained by the court below, and a bill of
exceptions was taken on the part of the plain-
tiffs.   We are of opinion the judge *a quo* acted
correctly in rejecting the evidence in the shape
in which it was offered: the original deed
should have been produced or its loss, or some
other circumstance proven, shewing it out of
the power of the appellants.

Many attempts were made to obtain the testimony of witnesses by depositions, to support the claim of the plaintiffs; all these were rejected by the district court, as having been illegally taken; we have examined the bills of exception, which relate to the opinions of the judge *a quo*, by which he rejected the testimony, and believe that they are correct in every nstance.

The claim of the trustees is wholly unsupported by evidence, and must therefore be dismissed without comment. The only testimony found on the record in support of Barfield's title to the slaves in dispute is that of two witnesses, Meltz and Hudgens. They prove that the plaintiff held the negroes in possession in the territory of Arkansas, and delivered them to one Haralson, under whom the defendant claims title, to be brought to the state of Louisiana, and hired out for the benefit of the pretended owner. The jury to whom the case was submitted seem by their verdict to have to have discredited this story about the hiring; and if the case were to be governed by laws which authorise the transfer of slaves by parole, in pursuance of this verdict, the title might be presumed to have accompanied

Coleman
*vs.*
Beraud.

the tradition to Haralson, which he has regularly passed to the defendant.

But as there is no evidence in the case which shews that it must be governed by foreign laws and the provisions of those laws on the subject, it is properly to be subjected to the influence of the laws of Louisiana: and according to the principles therein contained, possession is not evidence of title to slaves, for they must be transferred by written evidence of title. It is true, that there may be exceptions to the rule established by our laws, *e. g.* in relation to the offspring of female slaves born while in possession of the masters.

In the present case the plaintiff Barfield, does not bring himself within any exceptions to the rule, and consequently, has shewn no title to the property claimed in his petition.

The whole circumstances of the case so far as disclosed by the record, do not in our opinion call for the interference of this court, to reverse the judgment of the district court and to enter one of non-suit.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Baker* for the plaintiff, *Simon & Brown-* *son* for the defendant.